IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEVEN WAYNE HUNGERFORD,

     Plaintiff,

v.                                       CASE NO. 1:15-cv-93-WS-GRJ

GAINESVILLE POLICE DEPT.,
et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a detainee at the Marion County Jail, initiated this case by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 in the Middle District of Florida, Ocala Division.  Doc. 1.  Because the Complaint concerns events that occurred in Gainesville, Florida, the case was transferred to this Court.  Leave to proceed as a pauper has been granted by separate order.  The Complaint is now before the Court for screening under 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C § 1915(e)(2).  For the following reasons, the Court recommends that this case be dismissed.

## Plaintiff's Allegations

The allegations of the Complaint are as follows.  On November 2, 2014, Plaintiff called 911 to report domestic battery against his girlfriend.  Plaintiff alleges that his girlfriend had been out drinking, and upon returning to their apartment she began to hit Plaintiff in the head and scratched his face.  Two Gainesville Police Department (GPD) officers responded.  Plaintiff alleges that one officer told Plaintiff to gather some

clothing and leave the apartment for a few nights, but the other officer, Defendant Mary E. Davis, arrested Plaintiff for domestic battery and took him to jail.  Plaintiff alleges that he had a first appearance, was charged with domestic battery and violation of probation for a Martin County conviction, and denied bond.   Plaintiff alleges that he was detained at the Alachua County Jail for 38 days and then the battery charges were dismissed. Plaintiff was then transferred to the Martin County Jail where he remained until February 13, 2015, when his probation was reinstated.  Plaintiff alleges that he remained in jail for 117 days for something that he did not do.  Doc. 1 at 5-6.

Plaintiff names as Defendants Officer Davis, State Attorney William P. Cervone, and the GPD.  Plaintiff asserts that his right to due process and his rights under the 8th and 14th Amendments were violated in connection with the above events.  For relief, Plaintiff seeks $150,000 "for physical and emotional stress" and punitive damages.

## Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53

(2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

## False Arrest and Malicious Prosecution

The exact nature of Plaintiff's claims in this case are not well described in the Complaint.  The Court liberally construes his claims as ones for false arrest/imprisonment and malicious prosecution.

Initially, the Court notes that Plaintiff has alleged no physical injury stemming from the events described in the Complaint.  As a pretrial detainee, Plaintiff is subject to the requirements of the Prison Litigation Reform Act ("PLRA").   The PLRA provides, however, that a prisoner may not bring an action "for mental or emotional injury suffered while in custody without a prior showing of physical injury or commission of a sexual act." 42 U.S.C. § 1997e(e).  The Court may *sua sponte* dismiss a claim where the allegations show that this defense would bar recovery.  *Douglas v. Yates*, 535 F.3d 1316, 1320–21 (11th Cir. 2008).   The routine discomfort of confinement is insufficient to establish a compensable injury.  *Harris v. Garner*, 190 F.3d 1279, 1286–87 (11th

Cir.), *vacated*, 197 F.3d 1059 (11th Cir.1999), *reinstated in relevant part*, 216 F.3d 970, 972, 985 (11th Cir.2000) (en banc).   Because Plaintiff has alleged no injury, his claim for compensatory and punitive damages is foreclosed.  Plaintiff would, at most, be entitled to nominal damages if he established the violation of a fundamental constitutional right.  *See Logan v. Hall*  2015 WL 1262152, *1 (11th Cir. 2015).

　　To establish a claim for false arrest/imprisonment, a plaintiff must prove: (1) that he was detained; and (2) that the detention was unlawful. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) ( "The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process") (citations and emphasis omitted).   A claim under § 1983 for false imprisonment based on a detention pursuant to an arrest applies only to the period of incarceration lasting from the moment of arrest until the first legal action, *e.g.*, an arraignment or first court appearance.  The Supreme Court has explained that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter," *Wallace*, 549 U.S. at 388, and the damages recoverable under such claims are limited to those ensuing from the period of detention until the first legal action:

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."

*Id*. at 389–90 (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).

The Court takes judicial notice of the Alachua County public records of Plaintiff's domestic battery criminal proceedings.  Those records reflect that Plaintiff's arraignment on the domestic battery charge took place on November 2, 2014, the same day as his arrest.  *See  Florida v. Hungerford*, Case No. 2014 MM 005259-A (Dkt. Entry 11/2/2014).  Thus, the amount of time he was actually detained prior to the "first legal action" was minimal at best.   Even if Plaintiff were entitled to recover any nominal damages, such nominal damages would be further limited to the brief period between Plaintiff's arrest and his arraignment later that same day.  Plaintiff therefore cannot claim compensatory or other damages for the 117 days he says he was confined for something that he did not do, on a theory of false arrest/imprisonment.

Moreover, the facts alleged do not establish that Plaintiff is entitled to claim *any* damages for false arrest.  "The proper inquiry in a Section 1983 claim based on false arrest is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."  *Dowling v. City of Phila*., 855 F.2d 136, 141 (3d Cir.1988). "When an officer has probable cause to believe a person committed even a minor crime, the balancing of private and public interests is not in doubt and the arrest is constitutionally reasonable." *Virginia v. Moore*, 553 U.S. 164, 171 (2008) (emphasis supplied).

Thus, to succeed on a false arrest claim a Plaintiff must allege facts showing that the arresting officer did not have probable cause for the arrest.  The standard for determining whether probable cause exists in the Eleventh Circuit is the same standard under Florida and federal law – whether " 'a reasonable man would have believed [probable cause existed] had he known all of the facts known by the officer.' " *United*

*States v. Ullrich*, 580 F.2d 765, 769 (5th Cir. 1978), *quoting State v. Outten*, 206 So.2d 392, 397 (Fla. 1968).   Although Plaintiff alleges that he did not in fact commit the offense, he has not alleged that a reasonable person would not have believed that probable cause existed for his arrest.   Plaintiff wholly fails to address the probable cause element of his claim.   Rather, the allegations of the Complaint reflect that a physical altercation occurred between Plaintiff and his girlfriend, resulting in scratches to Plaintiff's face.   Although Plaintiff alleges that his girlfriend was the aggressor, the facts as alleged do not necessarily support a conclusion that an officer arriving on the scene of such a domestic altercation could not reasonably believe probable cause existed to arrest Plaintiff.   Because Plaintiff has failed to allege facts showing that a reasonable person would not have found probable cause for his arrest, the allegations of the Complaint do not state a claim for false arrest against Officer Davis.

Plaintiff's only conceivable remaining claim would be for the common-law tort of malicious prosecution.   This claim also fails for several reasons.   To state a claim for malicious prosecution pursuant to § 1983, Plaintiff must allege facts establishing the elements of the common-law tort and a Fourth Amendment violation of his right to be free from an unreasonable seizure.   *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004).   Under Florida law, a Plaintiff must establish six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present Plaintiff was commenced or continued; (2) the present Defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a *bona fide* termination of that proceeding in favor of the present Plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part

of the present Defendant; and (6) Plaintiff suffered damages as a result of the original proceeding.  *See*, *e.g.*, *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002) (citing *Burns v. GCC Beverages, Inc*., 502 So.2d 1217 (Fla.1986)).

As to Officer Davis, there are no facts suggesting that her arrest of Plaintiff stemmed from any malice nor, as discussed above, do the facts demonstrate that she could not reasonably have had probable cause to arrest Plaintiff.  The facts also do not demonstrate that the subsequent criminal proceedings terminated in Plaintiff's favor. Although the Alachua County domestic battery charge was dismissed, as Plaintiff alleges the charge formed the basis for a VOP proceeding in Martin County.  There are no facts suggesting that Officer Davis played any role in the prosecution of Plaintiff's Martin County VOP case.  The Court takes judicial notice of the records of Plaintiff's Martin County case, which show that he was convicted in February 2014 of criminal use of personal identification information and sentenced to 18 months probation.  Following his Alachua County domestic battery arrest, he was adjudged a probation violator and resentenced to a modified probation sentence that included 100 hours of community service and other special conditions.  *See Florida v. Hungerford*, Case No. 2013 CF 1531A (2/13/15) (judgment and modified sentence).   The validity of this probation violator judgment and sentence are not subject to attack in this case.  *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

Lastly, all claims against the State Attorney and the GPD are barred by immunity doctrines. In *Monell v. Department of Social Servs.,* 436 U.S. 658 (1978), the Supreme Court held that municipal entities – like the Gainesville Police Department– cannot be held liable under a theory of vicarious liability or *respondeat superior*.  The only theory

under which a governmental entity can be held liable under section 1983 is when the unlawful conduct, which caused the injuries, constitutes an official policy or custom.  *Id.* 694.  There are no factual allegations suggesting that the GPD could be liable to Plaintiff pursuant to *Monell*.

Plaintiff's claims against State Attorney Cervone are likewise barred.  "In § 1983 actions, prosecutors have absolute immunity for all activities that are " 'intimately associated with the judicial phase of the criminal process.' " *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281.  There are no factual allegations suggesting that Defendant Cervone is not entitled to absolute immunity from Plaintiff's claims.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given."  *See* Fed.R.Civ.P. 15(a).   Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.   Under the facts presented, the Court concludes that amendment of the Complaint would be futile.

## Conclusion

For the foregoing reasons, the Court concludes that the allegations of the Complaint fail to state a claim upon which relief may be granted.  It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted..

**IN CHAMBERS,** at Gainesville, Florida, this 29th day of May 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**